UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAWNTE DUANE JACKSON,<br><br>                Plaintiff,<br><br>    v.<br><br>D ECHOLS,<br><br>                Defendant. | CASE NO. 2:22-cv-00083-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

On January 26, 2022, Plaintiff, Dawnte Duane Jackson, filed a *pro se* 42 U.S.C. § 1983 civil rights complaint. At the time the complaint was filed Plaintiff appeared to be a pretrial detainee at King County Jail. Dkt. 1-1. The Court reviewed Plaintiff's complaint under 28 U.S.C. §1915A, and found the complaint failed to state a claim upon which relief can be granted. Dkt. 7. Because Plaintiff proceeds *pro se*, the Court granted Plaintiff leave to file an amended pleading by **March 16, 2022**. The Court advised Plaintiff the case may be dismissed if he failed to cure the deficient complaint. As the Court has not received an amended complaint, the Court recommends the case be dismissed without prejudice.

**BACKGROUND**

Plaintiff initiated this action as a pretrial detainee at the King County Jail. Plaintiff's claims appear to arise from his detention at King County Jail in or around November 2021

REPORT AND RECOMMENDATION - 1

1  through January 2022. Dkt. 1-1. Plaintiff's complaint raises claims alleging unsanitary conditions
2  at King County Jail, use of excessive force, violation of the Health Insurance Portability and
3  Accountability Act (HIPAA), and inadequate medical care. *Id.* Plaintiff names as Defendants
4  three corrections officers at King County Jail: Echols, Richmond, and Edmonds. *Id.* Plaintiff
5  alleges on November 18, 2021 he was moved to a cell that smelled like urine. *Id.* He indicates he
6  wanted the cell to be cleaned or to be moved to a different cell. *Id.* He alleges "staff" forced him
7  into the cell by "slamming me and kicking my legs and feet." *Id.* He states that as a result he
8  sustained a cut to his lower chin and foot and had to go to the hospital to get stitches, a CAT
9  scan, X-rays and bandages. *Id.* He also alleges he needs physical therapy but never received a
10 follow up appointment. *Id.*

Plaintiff alleges on November 17 and 18, 2021 non-defendant "PES Rachel" violated his HIPAA rights by discussing his mental health at his cell door so "everyone could hear." *Id.*

Plaintiff also alleges "malpractice" and identifies non-defendants "doctors Gonzall and Trinh." *Id.* He alleges in November, December, and January, he told medical staff he needed to take milk or food with medication. *Id.* He alleges he now has blood in his stool, has lost weight, has stomach pains and has been referred to a gastroenterologist. *Id.*

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

REPORT AND RECOMMENDATION - 2

who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff was advised that the complaint he filed, Dkt. 6, suffers from deficiencies that require dismissal if not corrected in an amended complaint. In specific, the Court advised Plaintiff of the following deficiencies regarding the claims asserted and the need to correct the the deficiencies.

A.  *Allegations Regarding Cell Conditions*

As a pretrial detainee, Plaintiff has the right to be free from punishment under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 533 (1979). The test for identifying unconstitutional punishment at the pretrial stage of a criminal proceeding requires a court to examine "whether there was an express intent to punish, or 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purposes assigned [to it].'" *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004) (quoting *Bell*, 441 U.S. at 538). "Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Id.* (citations omitted). "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." *Demery*, 378 F.3d at 1029. Further, to constitute punishment, the harm or disability caused "need not be independently cognizable as a separate constitutional violation." *Id.* Rather "to constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." *Id.*, at 1030.

The Court evaluates a pretrial detainee's Fourteenth Amendment claim under an objective deliberate indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (applying objective standard to medical care claims and describing similar treatment afforded medical care and other conditions of confinement claims) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), and *Castro v. County of Los Angeles*, 833 F.3d

REPORT AND RECOMMENDATION - 4

1060, 1070 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831, 97 L. Ed. 2d 69 (2017)).[1] A pretrial detainee must demonstrate a defendant's acts or omissions were objectively unreasonable, and identify objective facts indicating the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]." *Kingsley*, 576 U.S. at 397-98. This determination is to be made keeping in mind that "[s]uch considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Bell*, 441 U.S. at 547-48 (internal quotations and citations omitted).

The Supreme Court has recognized that "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Bell*, 441 U.S. at 546. The Supreme Court has further recognized that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547.

---

[1] Previously, "all conditions of confinement claims, including claims for inadequate medical care, were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment." *Gordon*, 888 F.3d at 1122-23 (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010)). Although the Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims beyond a denial of medical care, failure-to-protect, and to excessive force claims, the decision in *Gordon* strongly suggests it will do so. *See Gordon*, 888 F.3d at 1120, 1124, and 1124 n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)).

REPORT AND RECOMMENDATION - 5

1    An institution must provide prisoners and pretrial detainees "adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *overruled on other grounds in Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008). However, the Constitution "does not mandate comfortable prisons[.]" *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Conditions of confinement "may be, and often are, restrictive and harsh[.]" *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Rhodes*, 452 U.S. at 347). "[N]ot every disability imposed during pretrial detention constitutes 'punishment' in the constitutional sense." *Bell*, 441 U.S. at 537.

The Court considers conditions challenged by an inmate separately. *See Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991); *Hoptowit*, 682 F.2d at 1246-47. As stated by the United States Supreme Court in relation to Eighth Amendment claims:

> Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.

*Wilson*, 501 U.S. at 305. In other words, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.*

Here, the complaint alleges only that the cell Plaintiff was placed in "smelled like urine." Dkt. 1-1. However, Plaintiff fails to allege anything further about the conditions of the cell or how long he was detained in the cell. The complaint thus fails to allege sufficient facts to demonstrate that Plaintiff's placement in the cell caused him harm outside of the inherent discomforts of confinement or that jail staff's actions in placing him in the cell were objectively

REPORT AND RECOMMENDATION - 6

unreasonable, nor does he demonstrate an express intent to punish by placing him in the cell or identify objective facts indicating the "challenged governmental action [was] not rationally related to a legitimate governmental objective or that it [was] excessive in relation to that [objective]." *Kingsley*, 576 U.S. at 397-98.

B.  *Excessive Force Claim and Personal Participation*

To succeed on an excessive force claim under § 1983, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 576 U.S. at 397. A court "must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)) (alterations in original).

Considerations that may bear on the reasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397.

Here, the complaint alleges on November 18, 2021, "staff" forced him into [a] cell" by

REPORT AND RECOMMENDATION - 7

1  "slamming me and kicking my legs and feet." Dkt. 1-1. Plaintiff states he sustained injuries to

2  his chin and foot that required a trip to the hospital and stitches. However, although Plaintiff

3  names corrections officers Echols, Richmond, and Edmonds as Defendants in the action, his

4  complaint does not specifically identify these Defendants, or any other individuals, as the "staff"

5  involved in the incident. *Id.* If Plaintiff intends to proceed with his excessive force claim he must

6  allege additional facts linking named Defendants to the alleged constitutional violation. *See Leer*

7  *v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (To state a claim for relief under 42 U.S.C. § 1983,

8  a plaintiff must allege facts showing how individually named defendants caused, or personally

9  participated in causing, the harm alleged in the complaint.); *Arnold v. IBM*, 637 F.2d 1350, 1355

10 (9th Cir. 1981).

11 C.     HIPAA Claim

12      In his complaint, Plaintiff also alleges "P.E.S. Rachel" (who is not named as a Defendant)

13 violated his rights under the HIPAA. Dkt. 1-1.

14      The Ninth Circuit has definitively declared "HIPAA itself provides no private right of

15 action." *Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) (quoting *Webb v.*

16 *Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007)). Other circuits have

17 explicitly found that HIPAA cannot be enforced through Section 1983. *Adams v. Eureka Fire*

18 *Prot. Dist.*, 352 Fed. Appx. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private

19 right, it cannot be privately enforced either via § 1983 or through an implied right of action");

20 *Sneed v. Pan Am Hosp.*, 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We decline to hold that

21 HIPAA creates a private cause of action or rights that are enforceable through § 1983"). As

22 HIPAA does not provide a private right of action, the Court concludes that, to the extent Plaintiff

23 intends to bring a claim against P.E.S. Rachel his allegations that she violated his rights under

REPORT AND RECOMMENDATION - 8

HIPAA fails state a claim upon which relief can be granted. *See Davenport v. Richards*, 2008 WL 2678371, *3 (W.D. Wash. June 30, 2008) (finding the plaintiff's claims relied solely on alleged violations of HIPAA, and because HIPAA provides no private right of action, the claims must be dismissed).

D.  Medical Treatment Claim

The elements of a pretrial detainee's medical care claim under the due process clause of the Fourteenth Amendment are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). The Ninth Circuit went on to state that,

> "[w]ith respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.' " *Id.* at 1071 (quoting *Kingsley*, 135 S.Ct. at 2473; *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ). The " 'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id*. (quoting *Daniels*, 474 U.S. at 330–31, 106 S.Ct. 662). Thus, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[ ] *Id.*

*Id.*

Here, the complaint alleges "malpractice" identifying "doctors Gonzall and Trinh." *Id.* Plaintiff alleges in November, December, and January he told medical staff he needed to take milk or food with medication. *Id.* He alleges he now has blood in his stool, has lost weight and has stomach pains and has been referred to a gastroenterologist. *Id.* However, Plaintiff does not name "doctors Gonzall and Trinh" as Defendants in the action. Furthermore, Plaintiff's claim

REPORT AND RECOMMENDATION - 9

explicitly alleges malpractice or negligence which is not sufficient to state a constitutional claim under the Fourteenth Amendment. Plaintiff fails to allege sufficient facts establishing that any named Defendant made an intentional decision with respect to the conditions under which Plaintiff was confined, that the conditions put him at substantial risk of serious harm, that Defendants failed to take reasonable measures to abate the risk though a reasonable officer would have, or that by failing to take those measures Defendants caused Plaintiff's injuries. For instance, Plaintiff alleges insufficient facts to indicate that any failure to provide him food or milk with his medications placed him at a substantial risk of serious harm, or that a reasonable official would have been aware that this placed him at substantial risk of serious harm.

C.      *Plaintiff's Failure to Cure the Above Deficiencies*

Plaintiff was advised that if he intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff was also advised he must present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997)

REPORT AND RECOMMENDATION - 10

*overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474.

Plaintiff was informed the Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

And lastly, Plaintiff was advised that if he failed to file an amended complaint or fails to adequately respond to the issues raised herein on or before **March 16, 2022**, the Court will recommend dismissal of this action. Since the Court issued the order directing Plaintiff to file an amended complaint, Plaintiff filed a letter on February 16, 2022 requesting "more 1983 forms," Dkt. 8, and a letter on February 19, 2022, Dkt. 10, stating he filed a grievance and has not received a response. As Plaintiff has not filed an amended complaint, the Court recommends the case be dismissed without prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 27, 2022.** The Clerk should note the matter for **April 29, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 8th day of April, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12